Edy BUDIYANTO, Andriani Budiyanto, Annis Fadga Budiandri, and Indiana Budiandri, Petitioners,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–2811–ag.

United States Court of Appeals, Second Circuit.

June 11, 2008.

Oleh R. Tustaniwsky, Brooklyn, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Anh–Thu P. Mai, Senior Litigation Counsel, James A. Hurley, Attorney, United States Department of Justice, Office of Immigration Litigation, WA, District of Columbia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Edy Budiyanto, Andriana Budiyanto, Annisa Fadga Budiandri, and Indiana Budiandri, all natives and citizens of Indonesia, seek review of the May 30, 2007 order of the BIA affirming the December 20, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying their applications for asylum and withholding of removal. *In re Edy Budiyanto et al.,* Nos. A96 423 957 & A98 485 358/359/360 (B.I.A. May 30, 2007), *aff'g* Nos. A96 423 957 &

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

A98 485 358/359/360 (Immig. Ct. N.Y. City Dec. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, we lack jurisdiction to consider Budiyanto's arguments with respect to relief under the Convention Against Torture ("CAT") because he never applied for that relief—and, indeed, expressly waived any such claim—before the agency.[2] *See* 8 U.S.C. § 1252(d)(1); *see generally Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). To the extent that Budiyanto argues for the first time before this Court that he is eligible for CAT relief, we dismiss the petition for review. In addition, Budiyanto specifically waived any challenge to the pretermission of his untimely asylum application. Accordingly, we review only Budiyanto's challenge to

the agency's denial of his application for withholding of removal.

We find no error in the agency's determination that Budiyanto failed to establish that it is more likely than not that his "life or freedom would be threatened in [Indonesia] on account of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Budiyanto, a self-described moderate Muslim, claims that he opposes more radical forms of the religion advanced by some in the government and many in the population at large. However, Budiyanto failed to demonstrate that he experienced past persecution in Indonesia on account of his political opinion or any other protected ground. The IJ acknowledged that Budiyanto's store was destroyed during widespread riots, but found no evidence that Budiyanto was targeted on account of his political views or religious beliefs. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 & n. 3 (2d Cir.1999) (finding that evidence of general violence is not a basis for a finding of a well founded fear of persecution). Thus, even if the destruction of Budiyanto's store could be considered persecution (a finding we do not make), the record supports the agency's conclusion that Budiyanto failed to demonstrate that the incident bore a nexus to a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A).

The agency likewise did not err in determining that Budiyanto failed to demonstrate that he would more likely than not be targeted for persecution if returned to Indonesia. Budiyanto's own application contains the statement that the "terrors and dangers" in Indonesia "affect all Indo-

---

**2.** Because Edy Budiyanto was the lead applicant before the agency, we refer largely to

him throughout this order.

nesian citizens," and as the IJ correctly pointed out, he did not belong to any political organization in Indonesia or the United States that would distinguish him from the general population. Therefore, without any "solid support in the record" that he would be specifically targeted for persecution, "his fear is speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam). Taken together, there is ample support in the record for the agency's conclusion that Budiyanto failed to establish that his or his family's lives or freedom would be threatened if returned to Indonesia. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire,* 357 F.3d at 178.

Finally, we find Budiyanto's argument that the agency failed to consider whether a pattern or practice of persecution exists in Indonesia unavailing. Budiyanto failed to present any evidence to the agency that the threat of harm to moderate Muslims in Indonesia " 'is so systemic or pervasive as to amount to a pattern or practice of persecution.' " *Mufied v. Mukasey,* 508 F.3d 88, 92 (2d Cir.2007), (quoting *Matter of A– M–,* 23 I. & N. Dec. 737 (B.I.A.2005)).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).